# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:20-CV-166-GCM-DCK

| | |
|---|---|
| SHANTEL LYNN EMORY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM AND**<br>) **RECOMMENDATION** |
| ANDREW M. SAUL,<br>Commissioner of Social Security, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Dismiss Civil Action, Pursuant To Rule 41(a)(2) Federal Rules of Civil Procedure" (Document No. 12). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

By the instant motion, Plaintiff seeks to have this claim dismissed with prejudice, pursuant to Fed.R.Civ.P. 41(a)(2). (Document No. 12). Plaintiff's counsel "has determined that this claim, for Supplemental Security Income benefits, cannot be won on the present file . . . and her claim is better pursued by a new filing for Supplemental Security Income benefits." (Document No. 12, p. 1). Plaintiff reports that efforts to contact Defendant's counsel regarding this motion were unsuccessful. (Document No. 12, p. 2).

Defendant has failed to file a response to the pending motion, and the time to do so has lapsed. See Local Rule 7.1(e).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiff's "Motion To Dismiss Civil Action, Pursuant To Rule 41(a)(2) Federal Rules of Civil Procedure" (Document No. 12) be **GRANTED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: April 2, 2021

David C. Keesler
United States Magistrate Judge

2

Case 1:20-cv-00166-GCM-DCK    Document 13    Filed 04/02/21    Page 2 of 2